1  DENISE M. MINGRONE (SBN 135224)
   dmingrone@orrick.com
2  ROBERT L. URIARTE (SBN 258274)
   ruriarte@orrick.com
3  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
4  Menlo Park, CA 94025
   Telephone:      650 614 7400
5
   ROBERT M. LOEB (*pro hac vice* pending)
6  rloeb@orrick.com
   JAMES A. FLYNN (*pro hac vice* pending)
7  jflynn@orrick.com
   ORRICK, HERRINGTON & SUTCLIFFE LLP
8  1152 15th Street NW
   Washington, DC 20005
9  Telephone:      202 339 8475

10 Attorneys for SYNOPSYS, INC.

11                    IN THE UNITED STATES DISTRICT COURT

12                    NORTHERN DISTRICT OF CALIFORNIA

13                            OAKLAND DIVISION

14

15 SYNOPSYS, INC.,                         Case No. _____

16              Plaintiff,

17  v.                                      **COMPLAINT**

18 U.S. DEPARTMENT OF LABOR,                **Administrative Procedure Act Case**

19
                Defendant.
20

21                            **INTRODUCTION**

22      1.      Synopsys bring this "reverse FOIA" action pursuant to the Administrative

23 Procedure Act (APA), 5 U.S.C. §§ 701-06, and the Freedom of Information Act (FOIA), 5 U.S.C.

24 § 552, against the U.S. Department of Labor (DOL) to prevent the disclosure of certain

25 confidential and commercial documents and data relating to the composition of Synopsys'

26 workforce.

27      2.      The materials at issue are the subject of a pending FOIA request and a subsequent

28 FOIA action brought against DOL in this District. *See Ctr. for Investigative Reporting v. U.S.*

ORRICK, HERRINGTON &
SUTCLIFFE LLP
                                        -1-                              COMPLAINT

*Dep't of Labor* (*CIR v. DOL*), Case No. 4:19-cv-01843-KAW.  In particular, the FOIA requestors seek disclosure by DOL of Synopsys' 2016 EEO-1 Type 2 Consolidated Report (EEO-1 Reports).

3.     The EEO-1 Reports contain confidential commercial data that Synopsys submitted to DOL via the Joint Reporting Committee in compliance with its federal-contractor reporting obligations.  *See* 41 C.F.R. § 60-1.7(a). The EEO-1 Reports document the number of people Synopsys employs in the United States, broken down by gender, race, ethnicity, and job category.

4.     Synopsys has at all times maintained that the EEO-1 Reports are exempt from disclosure pursuant to FOIA Exemption 4, which exempts from disclosure "trade secrets and commercial or financial information obtained from a person and privileged or confidential."  5 U.S.C. § 552(b)(4).

5.     Synopsys keeps the EEO-1 Report data highly confidential.  It does not disclose the EEO-1 Reports externally except as required by law, and the EEO-1 Reports are only made available internally on a limited and need-to-know basis.

6.     For purposes of FOIA, the data contained in the EEO-1 Reports is "commercial" pursuant to the term's ordinary meaning.  The data contains confidential information concerning the number and gender, racial, and ethnic self-identifications of Synopsys' employees, as well as their allocation to various job categories.  Each year's EEO-1 Report also contains the prior year's reported totals.  If disclosed, this data would reveal aspects of Synopsys' business priorities and strategies, as well as Synopsys' recruitment and diversity efforts.

7.     Synopsys brings this action for declaratory and injunctive relief under the Administrative Procedure Act to prevent DOL's disclosure of the EEO-1 Reports as arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law.

## JURISDICTION AND VENUE

8.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1346, because this action arises under the laws of the United States, including the Administrative Procedure Act, 5 U.S.C. §§ 701-06, the Freedom of Information Act, 5 U.S.C. § 552, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

9.     Venue is proper in this district under 28 U.S.C. §§ 1391, 1402.  Synopsys'

principal place of business is in this district.

**INTRADISTRICT ASSIGNMENT**

10.     Assignment to the Oakland Division is proper pursuant to Local Rule 3-2(c) and (d) because a substantial portion of the events giving rise to this action occurred in Alameda County.

**PARTIES**

11.     Plaintiff Synopsys, Inc. is a publicly traded company with its principal place of business in Mountain View, California.  Synopsys is a "person" within the meaning of 5 U.S.C. § 551(2).

12.     Defendant DOL is a department of the executive branch of the United States government and an "agency" within the meaning of 5 U.S.C. § 552(f)(1).  DOL has possession and control over the EEO-1 Reports.

**PARTIES OF INTEREST**

13.     The Center for Investigative Reporting ("the Center") is a nonprofit organization established under the laws of the State of California with a principal place of business in Emeryville, California.  Will Evans ("Evans") is an employee of the Center.

**FACTUAL ALLEGATIONS**

14.     Synopsys is a high-tech software company that provides innovative Electronic Design Automation (EDA) solutions for the semiconductor industry.  EDA generally refers to using computer software to design, verify, simulate, and manufacture electronic circuits.

15.     The high-tech software industry is highly competitive, especially with respect to the recruitment and retention of skilled employees.  Synopsys invests considerable time and resources in its recruitment and retention efforts.  For Synopsys as a software company, success in those efforts is critical to its overall commercial success.

16.     A key component of Synopsys' recruitment and retention efforts is the diversity of Synopsys' workforce.  As described in the declaration of Sarah Lee, Synopsys invests considerably in maintaining and strengthening the diversity of its workforce, and that diversity contributes to Synopsys' overall commercial success.  *See* Ex. A (Lee Decl.).

17.     As a federal contractor with over 50 employees, Synopsys annually submits data concerning its workforce to the government by filing, among other things, the EEO-1 Reports with the Joint Reporting Committee, which collects that data on behalf of DOL and the Equal Employment Opportunity Commission (EEOC).  The EEO-1 Report at issue here covers Synopsys' data for 2016.

18.     The data contained in the EEO-1 Reports is obtained from Synopsys' employees with the express assurance of confidentiality.  As described in the declaration of Sarah Lee, Synopsys treats this information as highly sensitive and commercial, restricting access even within the company to a select few individuals with a need to access it.  *See* Ex. A.

19.     Synopsys provided the EEO-1 Report to the government pursuant to a longstanding understanding that the information would remain confidential.  Indeed, Synopsys relies on the government's assurances of confidentiality in submitting its EEO-1 Reports.  For example, the EEOC publishes an instruction booklet wherein the government commits to "protect the confidentiality of the EEO-1 data to the maximum extent possible consistent with FOIA and the Trade Secrets Act."  Moreover, DOL regulations prohibit disclosure of confidential commercial information except in compliance with FOIA and additional notification procedures. *See* 29 C.F.R. § 70.26.

20.     The EEO-1 Reports reveal commercially sensitive information that is kept highly confidential by Synopsys and would, if disclosed, cause competitive harm to Synopsys. Specifically, disclosure of these materials would:

       a.  Permit competitors to identify changes to Synopsys' workforce over time, including changes within certain job categories and changes in the balance of domestic and international employees.  Such data could, in turn, reveal changes in business goals and commercial strategies, as well as the impact of corporate mergers and acquisitions.

       b.  Permit competitors to target their recruitment of Synopsys employees, especially diverse candidates.

       c.  Permit competitors to determine employee's confidential and highly sensitive

1    self-identifications as to gender, race, and ethnicity.

2        d.  Chill future self-identification by employees no longer willing to participate in

3            such surveys in light of public disclosure of the EEO-1 data.

4        e.  Undermine Synopsys' internal efforts to build and maintain a diverse and

5            talented workforce, which in turn would undermine Synopsys' commercial

6            success.

7        21.    In compliance with FOIA and DOL regulations, when the Center and Evans

8    sought disclosure of the Synopsys EEO-1 Report, DOL both notified Synopsys and refused to

9    disclose the information as protected commercial information.

10       22.    The Center and Evans then brought suit seeking to compel disclosure of the EEO-1

11   Reports.  On December 10, 2019, in that suit, the court held that the information at issue did not

12   fall within FOIA Exemption 4 because it was not "commercial."  *CIR v. DOL*, Case No. 4:19-cv-

13   01843-KAW, 2019 WL 6716352 (N.D. Cal. Dec. 10, 2019).  The court appeared to reach that

14   conclusion because (1) disclosure of the data would not cause the provider of the data likely

15   commercial harm, *see id.* at *3-6, and (2) the data is too general and did not pertain "to specific

16   positions or departments," *id.* at *6.

17       23.    On January 28, 2020, DOL announced that it was not going to use its resources to

18   appeal the order issued in *CIR v. DOL*, and that absent a stay or other court order it would be

19   compelled to disclose the data sought no later than February 10, 2020.

20       **COUNT I – VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**

21       24.    Synopsys repeats and incorporates herein by reference the allegations of

22   paragraphs 1 through 23 of its Complaint.

23       25.    The EEO-1 Reports and the data contained therein constitute "commercial . . .

24   information obtained from a person and privileges or confidential" within the meaning of FOIA

25   Exemption 4, and they are therefore exempt from disclosure.

26       26.    The EEO-1 Reports contain sensitive commercial data.

27       27.    The EEO-1 Report data is kept highly confidential by Synopsys.

28       28.    Disclosure of the EEO-1 Reports would cause commercial and competitive harm

Orrick, Herrington &
Sutcliffe LLP

COMPLAINT

1    to Synopsys.

2         29.    DOL recognized that disclosure was exempt under Exemption 4, but is now poised

3    to disclose based on an erroneous construction of "commercial" information that cannot be

4    squared with the recent the Supreme Court decision regarding Exemption 4, *Food Marketing*

5    *Institute v. Argus Leader Media*, 139 S. Ct. 2356, 2363-66 (2019), which expressly rejected the

6    commercial harm test.

7         30.    Disclosure of the EEO-1 Reports despite the applicability of FOIA Exemption 4

8    would be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law"

9    within the meaning of the APA, 5 U.S.C. § 706(2)(A).

10   **REQUEST FOR DECLARATORY JUDGMENT**

11        31.    Synopsys repeats and incorporates herein by reference the allegations of

12   paragraphs 1 through 23 of its Complaint.

13        32.    Because the EEO-1 Reports are exempt from disclosure under FOIA Exempt 4,

14   DOL's disclosure of the EEO-1 Reports would be arbitrary and capricious, an abuse of discretion,

15   or otherwise not in accordance with law, and the Court should declare that:

16             a.   The EEO-1 Reports are exempt from disclosure under FOIA Exemption 4.

17             b.   DOL's disclosure of the EEO-1 Reports would be arbitrary and capricious, an

18                 abuse of discretion, or otherwise not in accordance with law.

19   **REQUEST FOR A PERMANENT INJUNCTION**

20        33.    Synopsys repeats and incorporates herein by reference the allegations of

21   paragraphs 1 through 23 of its Complaint.

22        34.    The EEO-1 Reports are exempt from disclosure under FOIA Exemption 4, and

23   DOL's disclosure of the EEO-1 Reports would be arbitrary and capricious, an abuse of discretion,

24   or otherwise not in accordance with law.  Therefore, Synopsys will prevail on the merits of this

25   action.

26        35.    Release of the EEO-1 Reports will irreparably injure Synopsys by permanently

27   making public the EEO-1 Report data and by exposing Synopsys to competitive harm.

28        36.    DOL and the public at large will not be harmed by withholding the EEO-1

1   Reports, and any such harm they would suffer is substantially outweighed by the irreparable

2   injury certain to occur to Synopsys.

3        37.    The public interest is served by ensuring that Synopsys and other similarly situated

4   companies are not subject to having their confidential commercial information involuntarily

5   disclosed and by protecting the confidential and personal information of such companies'

6   employees.

7        38.    Therefore, the Court should permanently enjoin DOL from disclosing the EEO-1

8   Reports.

9                        **PRAYER FOR RELIEF**

10       WHEREFORE, Synopsys respectfully requests that judgment be entered against

11  Defendant U.S. Department of Labor and that this Court:

12       A.     Declare that DOL's disclosure of the EEO-1 Reports would be arbitrary and

13  capricious, an abuse of discretion, or otherwise not in accordance with law;

14       B.     Permanently enjoin DOL from disclosing the EEO-1 Reports; and

15       C.     Grant such other and further relief as may be just and proper.

16

17  Dated: January 30, 2020                    ORRICK, HERRINGTON & SUTCLIFFE

18

19                                      By: */s/ Denise M. Mingrone*
20                                          DENISE M. MINGRONE
                                            Attorneys for Plaintiff, SYNOPSYS, INC.
21

22

23

24

25

26

27

28