1  DENISE M. MINGRONE (SBN 135224)
   dmingrone@orrick.com
2  ROBERT L. URIARTE (SBN 258274)
   ruriarte@orrick.com
3  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
4  Menlo Park, CA 94025
   Telephone:    650 614 7400
5
   ROBERT M. LOEB (admitted *pro hac vice*)
6  rloeb@orrick.com
   JAMES A. FLYNN (admitted *pro hac vice*)
7  jflynn@orrick.com
   ORRICK, HERRINGTON & SUTCLIFFE LLP
8  1152 15th Street NW
   Washington, DC 20005
9  Telephone:    202 339 8475

10 Attorneys for Plaintiff
   SYNOPSYS, INC.
11

12               IN THE UNITED STATES DISTRICT COURT

13               NORTHERN DISTRICT OF CALIFORNIA

14                      OAKLAND DIVISION

15 SYNOPSYS, INC.,                    Case No.  4:20-cv-00693-KAW

16         Plaintiff,                 **SYNOPSYS, INC.'S OPPOSITION TO
                                      CROSS-MOTION FOR SUMMARY
17     v.                             JUDGMENT; REPLY IN SUPPORT
                                      OF MOTION FOR SUMMARY
18 U.S. DEPARTMENT OF LABOR,          JUDGMENT**

19         Defendant.

20                                    Date:   May 7, 2020
                                      Time:   1:30 pm
21                                    Dept:   TBD
                                      Judge:  Hon. Kandace A. Westmore
22

23

24

25

26

27

28

ORRICK, HERRINGTON &
SUTCLIFFE LLP

1

I.     **INTRODUCTION**

2

The government opposes summary judgment in this Reverse-FOIA Action without

3

disputing the core merits issues: that the sought-after Synopsys EEO-1 information falls within

4

the protective scope of both FOIA Exemption 4 and 18 U.S.C. § 1905.  Instead, the government

5

attempts to impede Synopsys' claims by raising a variety of procedural objections that, if

6

accepted, would only create unnecessary complexity and gross unfairness to Synopsys.  Indeed,

7

the government is already trying to leverage the procedural posture of this dispute to assert

8

inconsistent arguments that set Synopsys up for a Catch-22 in which there is nothing Synopsys

9

can do to protect its rights.  *Compare CIR* Dkt. No. 65, at 13-14 (emphasis in original) (citations

10

omitted) ("Even if the disposition of this lawsuit might affect Synopsys's interests, it might not

11

*impair* those interests if Synopsys has other means to protect them.  Here, Synopsys has filed a

12

separate lawsuit setting forth the exact claim that it seeks to insert into this litigation. …  In these

13

circumstances, intervention is not necessary …."), *with Synopsys* Dkt. No. 24, at 13 (arguing that

14

"Synopsys should not be permitted to use this action … effectively to reopen proceedings").[1]

15

The government attempts to use this Court's disclosure order as both a sword and a shield,

16

arguing in the original FOIA Action that Synopsys cannot intervene because the government has

17

unfettered, unreviewable discretion, while simultaneously arguing here in the Reverse-FOIA

18

Action that the government has no discretion—and is simply executing a judicial order.  The

19

Court should reject this "heads I win, tails you lose" logic and grant summary judgment in

20

Synopsys' favor.

21

II.     **ARGUMENT**

22

A.     **The Government Does Not Dispute The Underlying Merits Of Synopsys'
Claim**

23

24

The government's opposition to Synopsys' summary-judgment motion focuses entirely

25

on whether Synopsys can litigate its reverse-FOIA claim in this posture.  The government does

26

not dispute—and therefore "concede[s] … as a matter of law"—the central merits of Synopsys'

27

28

---

[1] Citations designated "*CIR* Dkt. No." refer to the docket entries in the FOIA Action, Case
No. 4:19-cv-01843-KAW.  Those designated "*Synopsys* Dkt. No." refer to the docket entries in
this Reverse-FOIA Action, Case No. 4:20-cv-00693-KAW.

ORRICK, HERRINGTON &
SUTCLIFFE LLP

SYNOPSYS' SUMMARY JUDGMENT
OPPOSITION AND REPLY
4:20-cv-00693-KAW

reverse-FOIA claim.  *Newton v. Am. Debt Servs., Inc.*, 75 F. Supp. 3d 1048, 1063 (N.D. Cal.

2014) (failure to address an argument at summary judgment constitutes a "conce[ssion]" of that

issue "as a matter of law"); *see also Tuan Anh Le v. Bank of N.Y. Mellon*, 152 F. Supp. 3d 1200,

1210 (N.D. Cal. 2015).  In particular, the government does not dispute that the Synopsys

information at issue in this litigation is (1) confidential commercial information subject to FOIA

Exemption 4, 5 U.S.C. § 552(b)(4), and (2) barred from disclosure under 18 U.S.C. § 1905 as

both confidential statistical data and trade secrets.[2]  Thus, in opposing the summary judgment

motion here (and seeking judgment in its favor), the government asks this Court to condone the

disclosure of records which the government itself acknowledges are protected by both statutes,

without affording Synopsys the chance to be heard on the merits.

**B.      The Disclosure Order Does Not Shield The Government's Action From APA Review**

The government argues that the Court's disclosure order in the original FOIA Action

shields it from this Reverse-FOIA Action.  As an initial matter, the Court's December 2019

disclosure order has been stayed.  Indeed, the only operative order on the issue is this Court's

February 2020 order that "prevents the disclosure of the EEO-1 Consolidated Reports."  *CIR* Dkt.

No. 52, at 3.  Thus, the government cannot argue that it is immunized from this challenge because

it is compelled by the Court's order to disclose the information.

The government cites *GTE Sylvania, Inc. v. Consumers Union of the United States*, 445

U.S. 375 (1980), to suggest that no APA review can be conducted in light of this Court's

disclosure order.  But, as noted, that order has been stayed.  Moreover, the government has *GTE

Sylvania* exactly backwards.  In that case, the reverse-FOIA claim was decided first, and the

district court enjoined the government from disclosing the records in question.  *Id.* at 377-78.  In a

subsequent case brought by the FOIA requestors, the Supreme Court rejected a regular FOIA

claim seeking the records, because in light of the preexisting injunction against disclosure, the

records were not "improperly withheld" within the meaning of FOIA.  *Id.* at 386-87.  The present

---

[2] The government questions whether these two provisions remain coextensive after the Supreme Court's decision in *FMI*.  *Synopsys* Dkt. No. 24, at 11 n.2.  It makes no argument to that effect, however, and it concedes that the Synopsys information is subject to both provisions regardless of their overlap.

1   litigation has followed the opposite course, and *GTE* therefore does not apply.  *Weisberg v. U.S.*

2   *Dep't of Justice*, 631 F.2d 824, 830 n.39 (D.C. Cir. 1980) ("Unlike *GTE*, the instant case presents

3   the possibility of an initial disclosure order under FOIA, followed by a later suit brought under a

4   separate statute such as the Copyright Act to reverse or remedy that initial order.").  As a result,

5   this Court can and should reach the merits of Synopsys' reverse-FOIA claim.  *See id.* at 828-31.

6          Moreover, the disclosure order in the FOIA Action is not only stayed, this Court is

7   maintaining that stay while the Court considers the intervention motion that would allow the

8   reverse-FOIA claims to be heard as part of that action.  Thus, that pending FOIA Action, which

9   may soon also involve these very reverse-FOIA claims, cannot be used as a mechanism for

10   preventing those claims from being heard by this Court (either in that action or through this one).

11          **C.      Synopsys States A Cognizable Reverse-FOIA Claim**

12          Citing *Chrysler Corp. v. Brown*, the government argues that Synopsys fails to state a valid

13   reverse-FOIA claim.  But Synopsys has followed *Chrysler* step-by-step.  The key holding in

14   *Chrysler* was that 18 U.S.C. § 1905 provides no "private right of action to enjoin disclosure in

15   violation of the statute."  441 U.S. 281, 316 (1979).  But *Chrysler* immediately prescribed an

16   alternative, proper approach: an agency's "decision to disclose the … reports is reviewable

17   agency action" under the APA.  *Id.* at 318.  In *Chrysler*, the Supreme Court directed the court of

18   appeals to consider on remand whether disclosure of the EEO-1 data at issue there was "not in

19   accordance with law," namely, 18 U.S.C. § 1905—the very statute we rely upon in this Action.

20   *Id.* at 318-19.

21          And the filing of this action follows the playbook affirmed by the Government last year in

22   the Supreme Court.  In *Food Marketing Institute v. Argus Leader Media*, the government told the

23   Supreme Court:  After *Chrysler*, "[t]he only proper course for a person opposing an agency's

24   disclosure of records is to assert a so-called 'reverse'-FOIA claim invoking the legal protection of

25   a *different* statute creating a cause of action to set aside an agency decision to disclose records.

26   That person, for instance, may sue under the APA to challenge agency action to disclose records

27   on the ground that disclosure would be contrary to some other non-FOIA source of law."  Brief

28

1  for the United States as Amicus Curiae at 33-34, *Food Mktg. Inst. v. Argus Leader Media*, 139 S.

2  Ct. 2356 (2019) (No. 18-481), 2019 WL 929184, at \*33-34.

3  In this case, Synopsys has done just that:  asserting a reverse-FOIA claim under the APA

4  premised on two independent legal theories.  First, Synopsys contends that disclosure of the

5  records under FOIA would be arbitrary, capricious, and contrary to law where the government

6  itself believes the records to be protected by Exemption 4.  That unexplained inconsistency is

7  classic agency caprice.  *E.g.*, *Alphonsus v. Holder*, 705 F.3d 1031, 1046 (9th Cir. 2013)

8  (alterations in original) (quoting *Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Servs.*, 545

9  U.S. 967, 981 (2005)) ("Unexplained [agency] inconsistency is … a reason for holding an

10  interpretation to be an arbitrary and capricious change from agency practice under the

11  Administrative Procedure Act."), *abrogated on other grounds by Guerrero v. Whitaker*, 908 F.3d

12  541 (9th Cir. 2018).  Although agencies retain some discretion to disclose records subject to some

13  of the FOIA exemptions, they have no discretion to disclose records on a legal basis that the

14  agency concedes is incorrect.

15  Second, Synopsys asserts that disclosure of the records would be arbitrary, capricious, and

16  contrary to law because disclosure is barred under 18 U.S.C. § 1905.  That is the reverse-FOIA

17  theory prescribed by *Chrysler*, which also concerned EEO-1 data.  The government argues that

18  Synopsys cannot assert § 1905 because "that legal theory appears nowhere in the Complaint."

19  *Synopsys* Dkt. No. 24, at 11.  This argument is more commonly known as the "theory of the

20  pleadings" doctrine, but that doctrine has been long been "abolish[ed]" under the Federal Rules.

21  *Johnson v. City of Shelby*, 574 U.S. 10, 11-12 (2014) (per curiam) (quoting 5 Arthur R. Miller et

22  al., *Federal Practice and Procedure* § 1219 (3d ed. 2004)); *accord Skinner v. Switzer*, 562 U.S.

23  521, 530 (2011).  Instead, "[s]pecific legal theories need not be pleaded so long as sufficient

24  factual averments show that the claimant may be entitled to some relief."  *Fontana v. Haskin*, 262

25  F.3d 871, 877 (9th Cir. 2001); *accord Alvarez v. Hill*, 518 F.3d 1152, 1157-58 (9th Cir. 2008).

26  Synopsys properly followed the modern fact-pleading approach in this case, alleging the facts

27  necessary to support its reverse-FOIA claim under the APA.  *See generally Synopsys* Dkt. No. 1.

28  The government has not disputed those allegations and has conceded that the Synopsys

1   information is protected by § 1905. Synopsys has therefore properly presented its reverse-FOIA

2   claim under the § 1905 theory prescribed by *Chrysler*.[3]

3         The government's fallback argument is that this Court's disclosure order authorizes

4   disclosure under 18 U.S.C. § 1905. As discussed above, that order is stayed and therefore cannot

5   provide the legal authorization the government seeks. *See* Part II(B), *supra*. The government's

6   related contention that FOIA itself authorizes disclosure under § 1905 is inconsistent with

7   *Chrysler*, which implicitly rejected such argument and remanded in this very context. Moreover,

8   the government's argument begs the question whether Exemption 4 applies. The government

9   concedes that the Synopsys information is subject to FOIA Exemption 4, so the government

10   cannot in good faith argue that the same information is "outside the scope of [FOIA's]

11   enumerated exceptions." *Synopsys* Dkt. No. 24, at 13.

12         **D.      The Government's Criticisms Of This Action Are Unwarranted**

13         The government closes by criticizing Synopsys' approach to this litigation, accusing

14   Synopsys of making a "mockery" of these proceedings *by following the government's own*

15   *roadmap*. *Synopsys* Dkt. No. 24, at 13. *Contra* Brief for the United States, *supra*, at 34

16   (prescribing Synopsys' course of conduct here as the proper approach under these circumstances).

17   But, as explained in the recent reply in support of intervention, the reverse FOIA claims can be

18   quickly resolved on the merits by adding the cross-claim to the FOIA Action, or by consolidating

19   this action with the FOIA Action. *See CIR* Dkt. No. 68, at 2-4. Doing so will avoid needless

20   emergency appeals and stays.

21         To the extent the government believes that intervention by the reverse-FOIA claimant is

22   the preferred approach because it allows the court to "resolve the FOIA and reverse-FOIA claims

23   simultaneously," Brief for the United States, *supra*, at 34, rather than having this separate

24   Reverse-FOIA Action move forward, Synopsys has no objection to proceeding in that manner if

25   this Court prefers. By either granting intervention and resolving the reverse-FOIA cross-claims

26
27   [3] The government's argument to the contrary is precisely the "punctilious[ness]" the Supreme
     Court has rejected. *Johnson*, 574 U.S. at 12. But here, as in *Johnson*, "[f]or clarification and to
     ward off further insistence" on a now-defunct legal doctrine, *id.*, Synopsys would be amenable to
28   amending its unanswered complaint to add a specific reference to 18 U.S.C. § 1905. *See* Fed. R.
     Civ. P. 15(a).

1   as alleged in Synopsys' proposed pleading, or by consolidating the two related actions, this Court

2   can easily avoid the procedural thicket of potentially conflicting court orders in separate actions

3   and on separate records.  The government's protests about complexity ring hollow.  Synopsys

4   asks the Court to see this case for what it is: a procedurally proper FOIA/reverse-FOIA case ready

5   for efficient resolution in a single action.

6          Finally, we note that the government is improperly trying to have it both ways here.  In the

7   FOIA Action, the government asserted that Synopsys lacks standing, because the government

8   retains discretion to release the records and that "DOL could still disclose the information."  *CIR*

9   Dkt. No. 65, at 12.  The government distinguished *FMI* because in that case the government had

10  "represented unequivocally" that it would not disclose the records absent a court order directing it

11  to do so.  *Id.* at 11 (quoting *FMI*, 139 S. Ct. at 2362).  But here the government has now likewise

12  made that unequivocal representation: it will "disclose Synopsys's EEO-1 report *only* because it

13  was ordered to do so by this Court."  *Synopsys* Dkt. No. 24, at 1; *accord id.* at 4 ("DOL made the

14  decision to disclose these reports only because it was ordered to do so by the Court."); *id.* at 7

15  ("The agency decided to disclose Synopsys's report only because it was ordered to do so by the

16  Court."); *Synopsys* Dkt. No. 25, ¶ 30 ("DOL decided to disclose Synopsys's report only because

17  it was ordered to do so by the Court.").  Moreover, the government lacks discretion given the bar

18  on disclosure imposed by 18 U.S.C. § 1905.

19         The government cannot properly try to box Synopsys out of *both* actions by arguing, on

20  the one hand, that the government retains unfettered discretion and, on the other, that it has no

21  such discretion to exercise (because of a stayed disclosure order).  The Court should reject the

22  government's argument, which flies in the face of the principles of justice and fairness that the

23  government's brief purports to laud.  Synopsys has a right to have its reverse-FOIA claims heard

24  and adjudicated, and those claims are now ripe for adjudication based on the undisputed factual

25  record, as well as the government's dispositive concessions on all merits issues presented in

26  Synopsys' motion for summary judgment.

27  ///

28  ///

**III.**   <u>**CONCLUSION**</u>

For the foregoing reasons, Synopsys respectfully requests that the Court grant its motion for summary judgment and deny the government's cross-motion for summary judgment.

Dated: March 27, 2020                                          Respectfully submitted,


By: *<u>/s/ Denise Mingrone</u>*
    Denise Mingrone
    dmingrone@orrick.com
    ORRICK, HERRINGTON & SUTCLIFFE
    1000 Marsh Road
    Menlo Park, CA 94025
    Telephone:        650 614 7400