1

2

3

4

5

6

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

7

SYNOPSYS, INC.,

Case No. 4:20-cv-00693-KAW

8

Plaintiff,

**ORDER REGARDING CROSS-MOTIONS FOR SUMMARY JUDGMENT**

9

v.

10

U.S. DEPARTMENT OF LABOR,

Re: Dkt. Nos. 19, 24

11

Defendant.

12

13          On March 3, 2020, Plaintiff Synopsys, Inc. filed a motion for summary judgment.  On

14   March 20, 2020, Defendant U.S. Department of Labor filed an opposition and cross-motion for

15   summary judgment.

16          Upon review of the moving papers, the Court finds this matter suitable for resolution

17   without oral argument pursuant to Civil Local Rule 7-1(b), and, for the reasons set forth below,

18   DENIES Plaintiff's motion for summary judgment and GRANTS Defendant's motion for

19   summary judgment.

20                                      **I.     BACKGROUND[1]**

21          On January 30, 2020, Plaintiff Synopsys, Inc. filed this reverse-FOIA action in response to

22   Defendant U.S. Department of Labor's ("DOL") decision not to appeal the undersigned's order on

23   the cross-motions for summary judgment in the related case, *The Center for Investigative*

24   *Reporting v. U.S. Department of Labor,* 19-cv-01843-KAW (N.D. Cal. Dec. 10, 2019), ECF No.

25

26   ---

[1] This is an abbreviated factual background of this and the related case. The Court hereby
27   incorporates the background information contained in the December 10, 2019 order on the cross-
motions for summary judgment in the related case, *The Center for Investigative Reporting v. U.S.*
28   *Department of Labor,* 19-cv-01843-KAW (N.D. Cal. Dec. 10, 2019), ECF No. 39, as if restated
here in full.

United States District Court
Northern District of California

United States District Court
Northern District of California

1  39.[2]  Plaintiff simultaneously filed a motion for leave to intervene in the related case. (CIR Dkt.

2  No. 48.)

3       On January 4, 2018, the Center for Investigative Reporting ("CIR") submitted a Freedom

4  of Information Act ("FOIA") request to DOL's Office of Federal Contract Compliance Programs

5  ("OFCCP") seeking disclosure of federal contractors' employment diversity reports (known as

6  EEO-1 reports). (*See* CIR Compl. ¶ 2; Decl. of D. Lissette Geán, "Geán Decl.," CIR Dkt. No. 24-

7  11 at ¶ 13, Ex. 1.)  The request explicitly sought the 2016 EEO-1 Consolidated Report (Type 2)

8  for 55 named companies. (CIR Geán Decl. ¶ 13.)  Only 36 of those companies were identified as

9  federal contractors, and each were notified by DOL of CIR's FOIA request for their EEO-1, Type

10  2 information. (CIR Geán Decl. ¶¶ 15-16.)  Of those 36 companies, 20 submitted written

11  objections to DOL, and DOL informed these objectors that it would not release their EEO-1 Type

12  2 data to CIR. (CIR Geán Decl. ¶¶ 23-24, Ex. 7.)

13       On April 9, 2019, CIR and reporter Will Evans (collectively "CIR") filed the related case.

14  After that case was filed, some of the objectors decided to release the information, while others,

15  including Synopsys, Inc., declined to do so. (*See* CIR Geán Decl. ¶ 32.)  As a result, the cross-

16  motions for summary judgment only pertained to its decision to withhold the EEO-1 Type 2 data

17  for the ten companies that declined to release their information, including Synopsys. (*See* CIR

18  Dkt. No. 24 at 6.)  Synopsys cooperated with DOL and submitted a declaration in support of the

19  Government's motion for summary judgment. (*See* Decl. of Sarah Lee, "CIR Lee Decl.," CIR Dkt.

20  24-5.)

21       On December 5, 2019, the Court held a hearing on the cross-motions for summary

22  judgment, and, on December 10, 2019, denied DOL's motion for summary judgment and granted

23  CIR's cross-motion for summary judgment on the grounds that the information sought was not

24  commercial, and, therefore, did not qualify for protection under Exemption 4. (12/10/19 Order,

25  CIR Dkt. No. 39 at 6-10.)  Judgment was entered on December 10, 2019. (CIR Dkt. No. 40.)

26       On December 20, 2019, the Court granted the CIR and DOL's stipulation to extend the

27

28
_____

[2] Docket entries in the related case will be cited as "CIR Dkt. No. __."

1 | Government's deadline to produce the unredacted EEO-1 reports to February 10, 2020, which was

2 | the deadline for the Government to file an appeal of the December 10, 2019 order. (CIR Dkt. No.

3 | 42.)

4 |      On January 30, 2020, Synopsys filed a motion for leave to intervene in the related case.

5 | (CIR Dkt. No. 48.)  Synopsys explained that it was filing the motion, because DOL informed it

6 | that it would not be appealing the December 10, 2019 order. *Id.* at 4.  Synopsys also

7 | simultaneously filed this "reverse-FOIA" action to prevent the disclosure of its EEO-1 report.

8 | (Compl., Dkt. No. 1.)  The reverse-FOIA complaint seeks declaratory and injunctive relief and

9 | asserts a single cause of action under the APA based on the claimed applicability of FOIA

10 | Exemption 4 to Synopsys's EEO-1 report. (Compl. ¶¶ 24-30.)

11 |      On March 3, 2020, Plaintiff Synopsys, Inc. filed a motion for summary judgment. (Pl.'s

12 | Mot., Dkt. No. 19.)  On March 20, 2020, Defendant DOL filed an opposition and cross-motion for

13 | summary judgment. (Def.'s Mot., Dkt. No. 20.)  On March 27, 2020, Plaintiff filed a reply. (Pl.'s

14 | Reply, Dkt. No. 26.)  On April 3, 2020, Defendant filed a surreply. (Def.'s Surreply, Dkt. No. 27.)

**II.     LEGAL STANDARD**

**A.     Summary Judgment**

Summary judgment is the proper avenue for resolving FOIA cases.  *See, e.g., Nat'l Wildlife Fed'n v. U.S. Forest Service*, 861 F.2d 1114, 1115 (9th Cir. 1988).  Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

**B.     Reverse-FOIA Actions**

In a "reverse-FOIA" action, a submitter of information is seeking "to prevent the agency that collected the information from revealing it to a third party in response to the latter's FOIA request." *CNA Fin. Corp. v. Donovan*, 830 F.2d 1132, 1133 n.1 (D.C. Cir. 1987).  A party's right to judicial review of an agency's decision to release records in response to a FOIA request arises under the APA. *Chrysler Corp. v. Brown*, 441 U.S. 281, 317-18 (1979).  Thus, an agency's decision can be set aside only if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law"—the appropriately "narrow" standard for review of informal agency

United States District Court
Northern District of California

3

United States District Court
Northern District of California

1    action under Section 706(2)(A) of the APA. *See Camp v. Pitts*, 411 U.S. 138, 142 (1973); *Citizens*

2    *to Preserve Overton Park v. Volpe*, 401 U.S. 402, 413-15 (1971); *CNA Fin. Corp.*, 830 F.2d at

3    1153-55.  Under the arbitrary and capricious standard of review, courts do not substitute their

4    judgment for that of the agency. *Motor Vehicle Mfrs. Ass'n of United States, Inc. v. State Farm*

5    *Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983); *see also CNA Fin. Corp.*, 830 F.2d at 1153-54.  In a

6    reverse-FOIA action, the party seeking to prevent the disclosure of information bears the burden

7    of justifying nondisclosure. *See Frazee v. U.S. Forest Serv.*, 97 F.3d 367, 371 (9th Cir. 1996).

8           A reverse-FOIA action is also governed by the APA's scope of review—judicial review is

9    properly based on the administrative record. *Pac. Architects & Eng'rs v. U.S. Dep't of Stat*e, 906

10   F.2d 1345, 1348 (9th Cir. 1990).  Review of the administrative record is a deferential standard of

11   review and requires only that a court examine whether the agency's decision was "based on a

12   consideration of the relevant factors and whether there has been a clear error of judgment."

13   *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 416 (1971).

### III.    DISCUSSION

15          Synopsys filed this "reverse FOIA" action to prevent DOL from disclosing its 2016 EEO-1

16   report to CIR following the Court's December 10, 2019 ruling in the related case.

### A.    This is not a typical reverse-FOIA action.

18          As an initial matter, this is not a typical reverse-FOIA action.  In a reverse-FOIA action, a

19   party is attempting to prevent a federal agency from releasing information in response to a FOIA

20   request. *CAN Fin. Corp.,* 830 F.2d at 1134 n. 1.  Generally, the agency decides to release the data

21   because it determines that "none of the FOIA exemptions applies, and thus that disclosure is

22   mandatory, or in its belief that release is justified in the exercise of its discretion, even though the

23   data fall within one or more of the statutory exemptions." *Id.*

24          Here, Defendant did not decide to release Plaintiff's EEO-1 report in response to CIR's

25   FOIA request.  Instead, DOL decided to withhold the reports under Exemption 4, which led to the

26   filing of the related case, in which the Government "vigorously defended" the position that

27   disclosure was not required. (*See* Def.'s Opp'n at 7.)  After formal summary judgment briefing,

28   the Court issued the December 10, 2019 summary judgment order, in which it determined that

4

1   Exemption 4 was inapplicable, and that the EEO-1 reports were subject to disclosure under FOIA.

2       Now, this reverse-FOIA action is an attempt by Plaintiff to relitigate the merits of the legal

3   issues decided in the December 10, 2019 order.[3]  As a result, the Court will not address the merits

4   of Plaintiff's legal arguments that the EEO-1 reports are not subject to disclosure under FOIA,

5   because the determination has already been made, and the court is not inclined to reconsider its

6   December 10, 2019 order. (*See* Pl.'s Mot. at 6-21.)  Instead, the Court will only address whether

7   the Government's decision to comply with the December 10, 2019 order was arbitrary and

8   capricious. (*See* Def.'s Opp'n at 7.)

9       **B.    DOL's decision to comply with the December 10, 2019 order was not arbitrary
            and capricious.**

10      The only remaining issue properly before the Court is whether it is arbitrary and capricious

11  for DOL to release the requested documents in compliance with the December 10, 2019 order.

12  DOL argues that its decision to comply with the December 10 order cannot possibly be deemed

13  arbitrary and capricious, because parties are not permitted to ignore valid court orders even if they

14  believe that the decision was erroneous. (Def.'s Opp'n at 6-8.)

15      The United States Supreme Court has recognized that there is an "the established doctrine

16  that persons subject to an [] order issued by a court with jurisdiction are expected to obey that

17  decree until it is modified or reversed, even if they have proper grounds to object to the order."

18  *GTE Sylvania, Inc. v. Consumers Union of U. S., Inc.*, 445 U.S. 375, 386 (1980).

19      In reply, Plaintiff argues that *GTE* is inapplicable because the December 10, 2019 order

20  has been stayed, and that it is factually inapposite because the reverse-FOIA case was decided

21  prior to the FOIA action. (Pl.'s Reply at 2-3.)  This argument is unpersuasive, because the crux of

22  *GTE* was that the records were not improperly withheld under FOIA, because the agency was

23  obeying an injunction issued by the district court in the reverse-FOIA case. *GTE*, 445 U.S. at 387.

24  Furthermore, the fact that the disclosure of Synopsys's EEO-1 report has been temporarily stayed

25  does not foreclose reliance on *GTE*, because the stay is pending the outcome of this motion and

26

27  _____

28  [3] Notwithstanding, Plaintiff's briefing fails to persuade the Court that the EEO-1 reports contain
    information shielded from disclosure by Exemption 4 or the Trade Secrets Act, and hereby
    incorporates the discussion section of the December 10, 2019 order.

United States District Court
Northern District of California

1   the motion for leave to intervene in the related case in order to protect Synopsys's right to

2   intervene should that intervention be deemed appropriate.  Moreover, the emergency stay was

3   granted as unopposed to prevent Synopsys from potential prejudice, rather than to permit another

4   proverbial bite at the apple.

5          Accordingly, the Court finds that agency action that complies with a court order cannot be

6   arbitrary and capricious. Thus, Plaintiff's motion for summary judgment is denied, and

7   Defendant's cross-motion is granted.

8                                    **IV.    CONCLUSION**

9          For the reasons set forth above, Plaintiff's motion for summary judgment is DENIED, and

10  Defendant's cross-motion for summary judgment is GRANTED. The Clerk shall close the case.

11         IT IS SO ORDERED.

12  Dated: July 2, 2020

13                                             KANDIS A. WESTMORE
                                               United States Magistrate Judge
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*United States District Court*
*Northern District of California*

6